**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TYWANDA MCDONALD,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:24-00413-KD-N** |
| **BOARD OF TRUSTEES, UNIV. OF** | ) | |
| **SOUTH ALABAMA,** | ) | |
| **CHARLES SMITH,** | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is the Motion to Dismiss (Doc. 3) filed by the University of South Alabama's Board of Trustees and Charles Smith ("Defendants").[1] Plaintiff, Tywanda McDonald, brought a two-count complaint (Doc. 1) against Defendants on November 12, 2024, alleging claims under 42 U.S.C. §§ 1981 and 1983, and Title VII of the Civil Rights Act. McDonald submitted a response to Defendants' motion on January 19, 2025 (Doc. 8), and Defendants replied on January 27, 2025 (Doc. 9), making this motion ripe for disposition.

The undersigned **RECOMMENDS** that Defendants' motion be **GRANTED** in part and **DENIED** in part.

[1] The District Judge assigned to this case referred this motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a); *See* S.D. Ala. GenLR 72(b) (12/20/2024 elec. ref.).

## *I. Factual Background*

According to the complaint, Plaintiff was employed as a social worker with University of South Alabama ("USA") Health, where she performed patient case management. In 2023, she became concerned about "repeated instances of verbal abuse" by a particular neurologist toward indigent or low income Black patients, and in January of 2024 she received a complaint from a Black patient regarding the same. ( Doc. 1, ¶ 12, PageID.4). The report prompted her to file a complaint with the director and department chair over the mistreatment of Black patients, and later a complaint with human resources. (*Id.*, ¶¶ 14, 16, PageID.4-5).

McDonald alleges these complaints led the hospital to formulating a new licensing requirement as a pretext for her firing. The hospital issued a 30-day mandate to obtain the license or face dismissal. McDonald failed to meet the new requirement, resulting in her termination. She alleges another social worker, who had not lodged complaints, was retained despite failing multiple licensing exams. Furthermore, McDonald contends, her firing deviated from typical termination protocols. (*See id.* ¶¶ 16-27).[2]

## *II. Legal Standard*

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, in general "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337

---

[2] Plaintiff's allegations of facts presented here are accepted as true and construed in the light most favorable to Plaintiff. *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

(11th Cir. 2002). The court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015).

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

As the United States Supreme Court has explained, "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 677-78 (citations omitted). *See also Duty Free*, 797 F.3d at 1262 (Courts "'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.'" (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam))).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citations omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 332 (2020).

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Supreme Court has "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 679). "Importantly, ... courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (citations omitted).

## *III. Discussion*

Plaintiff alleges she was pretextually terminated in retaliation for reporting racial discrimination, a protected activity under § 1981. Plaintiff brings two counts for retaliatory termination: Count One, against the USA Board of Trustees, and Count Two against Charles Smith, Employee Relations Director at USA Health, under Title VII, § 1981, and § 1983.

As an initial matter, Plaintiff's brief concedes Count One against the Board of Trustees and any Title VII claims in Count Two against Smith. (Doc. 8, PageID.35; n.1, PageID.37). Plaintiff's brief in *partial* opposition, states, "[w]hile McDonald concedes that the claims against the Board are due to be dismissed, McDonald has raised plausible claims of liability against Smith[.]" (*Id.*). The undersigned recommends that Defendants' motion as to Count One be **GRANTED** pursuant to Rule 12(b)(1). *See Eubank v. Leslie,* 210 F. App'x 837, 844-45 (11th Cir. 2006) (board of trustees were a state agency and thus any claims under § 1983 were barred by state sovereign immunity).

For the claims against Smith, "McDonald filed an uncounseled charge with the Equal Employment Opportunity Commission; however, because her complaints against [the neurologist] did not involve discrimination against USA employees, they fall outside the reach of Title VII of the Civil Rights Act of 1964." (Doc. 8, n.1, PageID.37); (*see generally* Doc. 8, addressing the pleading under §§ 1981 and 1983). *See Baker v. Tallulah Falls Sch., Inc.,* 2006 WL 8435972, at *1 (N.D. Ga. 2006) ("Title VII does not protect against retaliation for opposing an action directed towards a non-

employee."). As such, the undersigned recommends Defendants' motion be **GRANTED** as to Count Two for any claims under Title VII, pursuant to Rule 12(b)(6).

**A. Count Two, §§ 1981 and 1983**

Section 1981 provides all persons the same right to "make and enforce contracts." 42 U.S.C. § 1981 (make and enforce includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship").[3] "Section 1981 prohibits employers from retaliating against employees who have complained about the race-based violation of another person's 'contract related rights.'" *Hayes v. ATL Hawks*, 844 F. App'x 171, 183-84 (11th Cir. 2021) (citing, *e.g.*, *CBOCS W., Inc. v. Humphries*, 553 U.S. 442 (2008)) (retaliation claims under § 1981 include claims by an individual who suffers as a result of trying to help other coworkers suffering direct racial discrimination).

For a § 1981 retaliation claim, the plaintiff must show that: (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) she established a causal link between the protected activity and the adverse action. *Bryant v. Jones*, 575 F.3d 1281, 1307–08 (11th Cir.2009); *see also Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir.1998) (noting that Title VII and § 1981

[3] The "remedial provisions of § 1983 [are] controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981[.]" *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 738 (1989); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (" § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred").

have the same requirements of proof and use the same analytical framework); *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir.2002) (noting that courts properly apply cases from Title VII and § 1981 interchangeably).

Plaintiff couches her protected activity on the assertion of patients' third-party rights; the patient being the intended beneficiary of a contract between the hospital and the health insurance company. (Doc. 1, ¶¶ 29-31, PageID.7-8) ("Patients are intended third party beneficiaries of a contractual relationship with USA Hospital"). The Complaint states, Plaintiff "became concerned about repeated instances of verbal abuse" by a white neurologist and "observed that the targets of [his] conduct were exclusively indigent or low income Black patients." Later, Plaintiff "received a complaint from a Black patient that [the neurologist] had ridiculed her as a drug addict who was faking symptoms to obtain controlled substances." (Doc. 1, ¶¶ 12-13, PageID.4). Plaintiff sent an email to directors and chairs, reporting the patient's complaint and her own observations of mistreatment of Black patients. McDonald followed up with USA Hospital's Human Resources Director and Employee Relations Director to file a formal complaint regarding instances of "racial bias" by the neurologist. (Doc. 1 ¶¶ 14, 16, PageID.4-5).

The operative motion focuses on whether McDonald engaged in a statutorily protected activity. Defendants posit that the alleged discrimination was not a § 1981 violation. Specifically, that "verbal abuse" was not an impairment of the contract. "Defendants do not dispute … medical care to patients is typically a contractual transaction. What is at issue in this motion is that McDonald fails to allege that the

patients she complained about were denied medical care because of their race". (Doc. 9, PageID.47).[4] "[A]t most [Plaintiff] alleges that there was verbal abuse, not a denial of care." (*Id.*). In sum, no allegations are made of a hindered contract, so there was no § 1981 violation to report. *See Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010) ("A plaintiff engages in a statutorily protected activity when [s]he asserts a right encompassed by § 1981.").

On the other hand, Plaintiff asks the Court to infer that the general allegations of verbal abuse in a medical setting—and the specific instance of drug allegations—satisfy the pleading requirements to move the complaint forward. "While the complaint does not spell out the work performed in a neurological clinic, 'determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense.'" (Doc. 8, PageID.42) (quoting *Iqbal*, 556 U.S. at 663-64).

Defendants ask the Court to consider cases where the Circuit has discussed "verbal harassment" and contract performance under § 1981. However, these cases are mostly distinguishable, as they focus on direct substantive discrimination arising

[4] Defendants raise qualified immunity in a footnote, arguing the doctor's verbal abuse was not "clearly established" as a § 1981 violation. Arguments in a footnote are not considered properly raised before the Court. *See Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 992 (11th Cir. 2010) (deeming argument waived because it was raised only in a footnote); *Delaney v. Farley*, 623 F. App'x 14, 17 (2d Cir. 2015) ("Generally, we do not consider arguments raised only in footnotes."); *Connor v. Midland Credit Mgmt., Inc.*, 2019 WL 717413, at *4, n.1 (S.D. Fla. 2019) ("[A]ddressing a legal argument only in a footnote is an incorrect method to present substantive arguments on the merits.").

in retail settings.[5] Defendants argue that a patient is akin to a customer, and when customers bring a § 1981 action, courts widely reject claims that do not involve prohibiting the enforcement of a contract. *See Lopez v. Target Corp.*, 676 F.3d 1230, 1234 (11th Cir. 2012) (citing *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886 (11th Cir. 2007) (denying § 1981 claims when plaintiffs are not "actually denied the ability ... to make, perform, enforce, modify, or terminate a contract" and cannot show "the loss of an actual contract interest")). Defendants offer this analogy to establish a threshold for a § 1981 violation, but that is an unnecessary burden at this stage of the proceedings.

A "complaint need not allege facts sufficient to make out a ... prima facie case, ... it must provide enough factual matter (taken as true) to suggest discriminatory retaliation." *Marshall v. Mayor & Alderman of City of Savannah, Ga.*, 366 F. App'x 91, 100 (11th Cir. 2010) (citation omitted); *see Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (same). "[A]n employee's complaint must reasonably convey that she is opposing discrimination based specifically upon race[.]" *Cochran v. S. Co.*, 2015 WL 3508018, at *2 (S.D. Ala. 2015) (citing *Willmore–Cochran v. Wal–Mart Associates, Inc.*, 919 F.Supp.2d 1222, 1234 (N.D.Ala.2013)).

---

[5] Both parties discuss the retaliation claims in *Hayes v. ATL Hawks, LLC,* wherein the Eleventh Circuit affirmed summary judgment, as a provision addressing the alleged discrimination was not part of the contract. 844 F. App'x 171, 184 (11th Cir. 2021). "Since Hayes has not proved that the security concessions were negotiated by the artists as a part of their performance contracts, he has failed to establish that he engaged in a statutorily protected activity that involved the assertion of rights encompassed by § 1981." *Id.* Notably, this determination was made outside of the four-corners of the complaint, as was *Jimenez v. Wellstar*, 596 F.3d 1304 (11th Cir. 2010) (analyzing hospital bylaws and doctor privileges as established by state law).

Critically, the "plaintiff is not required to prove that the discriminatory conduct complained of was actually unlawful. The conduct opposed need only 'be close enough to support an objectively reasonable belief that it is." *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016) (quoting *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999))."' The decision in *Adams v. Mobile* is persuasive:

> Neither party disputes that Adams submitted complaints about her coworkers and that Adams was fired. The City argues that "general complaints or unfairness, or incivility without connecting those complaints to illegal discrimination don't constitute constitutionally protected activity." … To engage in protected activity, an employee must explicitly or implicitly communicate a belief that the employer's conduct constitutes unlawful employment discrimination. Given the informal and formal complaints in the record, Adams has established that she engaged in statutorily protected activity when she made race-and gender-based complaints.

*Adams v. City of Mobile*, 2024 WL 4839369, at *20–21 (S.D. Ala. 2024) (citations omitted).[6]

Likewise for McDonald, the undersigned finds it plausible that she engaged in a protected activity. *See Page v. Winn-Dixie Montgomery, Inc.*, 702 F. Supp. 2d 1334, 1354 (S.D. Ala. 2010) ("in the § 1981 context, statutorily protected expression includes complaining to superiors about harassment in the work place"). The undersigned recommends denying Defendants' motion to dismiss as to the § 1981 retaliation claim in Count Two.

---

[6] *See generally Worley v. City of Lilburn*, 408 F. A'ppx 248, 250 (11th Cir. 2011) ("The elements required to establish retaliation claims under § 1981 are the same as those required for Title VII claims.").

## IV. Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 3) be:

- **GRANTED** as to Count One against USA Board of Trustees under Fed. R. Civ. P. 12(b)(1).
- **GRANTED** as to Count Two against Charles Smith for claims under Title VII pursuant to Fed. R. Civ. P. 12(b)(6).
- Otherwise **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 23rd Day of April 2025.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**