## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

**TYWANDA MCDONALD**      *

                             *

     **Plaintiff,**      *

                             *

**v.**      *      **CASE NO.: 1:24-CV-00413-KD-N**

                             *

**CHARLES SMITH,**      *

                             *

     **Defendant.**      *

## REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on June 20, 2025 by telephone and was attended by:

- Artur Davis for Plaintiff Tywanda McDonald, and

- Christine Harding Hart for Defendant Charles Smith.

The parties do not request a conference with the Court before entry of the scheduling order.

1.  Descriptions of the Nature of the Case:

     a)  <u>Plaintiff</u>.  Plaintiff Tywanda McDonald was employed as a social worker in the neurology department at the University of South Alabama. McDonald alleges that after lodging internal complaints in early 2024 about a physician's treatment of black patients, she was ordered to obtain a social work license from the State of Alabama within 30 days, and terminated when she failed to do so. She brings a retaliation claim against Charles Smith, the Director of Employee Relations for the University Health Care system, under 42 U.S.C.A. § 1981.

     b)  <u>Defendant</u>. Defendant Charles Smith is the Director of Employee Relations for USA Health and is being sued in his individual capacity for personnel

actions taken in connection with Plaintiff's termination of employment. Plaintiff Tywanda McDonald was a social worker in the Neurology Department/Clinic of USA Health. When she was hired in May 2022, she did not have her social worker license and was told that she was expected to obtain her license within the first year of employment, which she failed to do, despite repeated encouragement by her supervisor. In early 2024, Smith met with McDonald regarding concerns she had regarding a neurologist's treatment of patients. Smith later spoke with McDonald regarding her failure to obtain her social work license and inquired about her efforts. Smith later spoke with McDonald and she told him she had not signed up for the exam because she could not afford it, and then soon after asked for a termination letter, which was provided. Smith denies that he engaged in any retaliation, and asserts several defenses, including qualified immunity.

2.      This jury action should be ready for trial by <u>April 2026</u> and at this time is expected to take approximately 2-3 days, excluding jury selection.

3.      The Parties request a date for pretrial conference with the Court no later than four weeks before trial.

4.      <u>Discovery Plan</u>. The Parties jointly propose to the Court this discovery plan:

a)      Discovery will be needed on the following subjects:

1.      All facts and documents related to Plaintiff's factual claims, allegations, and alleged damages;

2

2.      The Defendant's defenses to Plaintiff's claims, allegations, and alleged damages;

3.      Plaintiff's educational and licensing history;

4.      Plaintiff's employment history at USA Health;

5.      Plaintiff's termination from employment.

6.      Prospective comparators to Plaintiff.

b)      All discovery commenced in time to be completed by September 30, 2025.

5.      Initial Disclosures. The Parties will exchange initial disclosures required by Rule 26(a)(1) by July 11, 2025.  Supplementation of disclosures and discovery responses should be made in a timely manner.

6.      The parties request until July 25, 2025 to join additional parties and amend the pleadings.

7.      Reports from retained experts under Rule 26(a)(2) due:

- From Plaintiff by August 8, 2025;

- From Defendant by September 5, 2025.

- Rebuttal reports due from the Parties by September 16, 2025.

8.      Pretrial Disclosures.  Final lists of witnesses and exhibits under Rule 26(a)(3) due by March 2, 2026.

9.      Discovery Limits.

a.      Maximum of 7 depositions by Plaintiff and 7 depositions by Defendant.  Each deposition limited to a maximum of 7 hours, unless extended by agreement of the Parties.

b.      Maximum of 25 interrogatories by each party to any other party. Responses are due 30 days after service.

c.    Maximum of <u>25</u> requests for production by each party to any other party. Responses are due 30 days after service.

d.    Maximum of <u>25</u> requests for admission by each party to any other party. Responses are due thirty days after service.

e.    The Parties have agreed to handle claims of privilege or of protection as trial-preparation material in accordance with FRE 502.

10.    All potentially dispositive motions filed by <u>October 30, 2025</u>.

11.    The prospects for settlement or alternate dispute resolution procedures cannot be evaluated until after a reasonable discovery period.

12.    Other Matters:

a.    The parties agree to the entry of the Court's standard HIPAA protective order.

b.    If warranted, the parties may seek the entry of a mutually agreeable protective order governing the disclosure of a party's confidential, proprietary, and/or otherwise sensitive information.

Date:  June 20, 2025                              Respectfully submitted,

                                                 s/ Artur Davis[1]
                                                 ARTUR DAVIS
                                                 *Attorney for Plaintiff Tywanda McDonald*

OF COUNSEL:
HKM EMPLOYMENT ATTORNEYS LLP
2024 3rd Avenue North, Suite 212
Birmingham, AL 35203
(205) 203-9924
adavis@hkm.com

                                                 s/ Christine Harding Hart
                                                 CHRISTINE HARDING HART
                                                 WINDY C. BITZER
                                                 *Attorneys for Defendant Charles Smith*

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
chart@handfirm.com
wbitzer@handfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, the following document has been served on all parties of record via the CM/ECF System as follows:

Artur Davis, Esq.
HKM Employment Attorneys LLP
2024 3rd Ave. North., Suite 212
Birmingham, AL 35203
adavis@hkm.com

                                                 s/ Christine Harding Hart

---

[1] Christine Hart represents that she received Mr. Davis's consent to file this pleading containing his electronic signature.